IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FREDDIE TATE, #00483091,** § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-0145-L-BK |
| § | |
| **TEXAS BOARD OF BARDONS** § | |
| **AND PAROLES,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge for judicial screening. Upon review of the relevant pleadings and applicable law, the petition should be summarily **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

In 1988, Petitioner pled guilty before a jury, which subsequently found him guilty of burglary of a habitation and assessed his punishment at life imprisonment. *State v. Tate*, No. F88-92580 (Crim. Dist. Court No. 3, Dallas County, May 20, 1988), *aff'd*, No. 05-88-00670-CR (Tex. App. – Dallas, Apr. 17, 1989).[1] In 2017, Petitioner unsuccessfully sought state habeas

---

[1] The state court's judgment in Case No. F8892580 (docketed as *Criminal Minutes*) is available on the Dallas County website at http://courtecom.dallascounty.org/publicaccess/ (last accessed Feb. 23, 2018), and the court of appeals' docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=05-88-00670-CR&coa=coa05 (last accessed Feb. 23, 2018).

relief, claiming that he was denied release on parole in violation of his right to due process.[2]  *Ex parte Tate*, No. WR-87,741-01 (Tex. Crim. App. Jan. 3, 2018) (denying relief without written order on the trial court's findings without a hearing).[3]

On January 19, 2018, Petitioner filed his *pro se* federal habeas petition in the instant case, reiterating his due process claim.  Doc. 3 at 6.  As in his state habeas application, Petitioner asserts he was denied parole or mandatory supervision without consideration of his rehabilitation.  *Id.*

---

[2] According to online records of the Texas Department of Criminal Justice (TDCJ), Petitioner was last denied parole on June 5, 2017.  *See* Offender Information Detail available on the TDCJ's website at https://offender.tdcj.texas.gov/OffenderSearch/reviewDetail.action?sid=03804325&tdcj=00483091&fullName=TATE%2CFREDDIE (last accessed on Feb. 9, 2018).

[3] The state habeas docket sheet and state court record are available on the Dallas County website at http://courtecom.dallascounty.org/publicaccess/ (last accessed Feb. 9, 2018) (enter W8892580A).  The Court of Criminal Appeals' docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-87,741-01&coa=coscca (last accessed Feb. 9, 2018).

## II. ANALYSIS

Petitioner does not have a liberty interest in parole or a constitutional expectancy of early release on parole. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citing *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (no right to be released on parole in Texas)); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (no liberty interest in parole in Texas). In addition, under Texas law, "a life-sentenced inmate is not eligible for release to mandatory supervision." *Ex parte Franks*, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001). When an inmate is not eligible for such release, he has no "constitutionally protected interest" in such release. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (per curiam); *see also Ellason v. Owens*, 526 F. App'x 342, 343-44 (5th Cir. 2013) (per curiam) (reiterating that since 1981 mandatory supervision has not been available to those with life sentences).

Because Petitioner's continued incarceration does not deny him a protected liberty interest, he fails to raise a constitutional violation. *See* 28 U.S.C. § 2254(a) (the court cannot entertain a habeas application unless it raises a "violation of the Constitution or laws or treaties of the United States."); *Arnold*, 306 F.3d at 278 (federal habeas relief is available to a state prisoner only if the prisoner has been deprived of some right secured to him by the United States Constitution or by laws of the United States). Accordingly, Petitioner is not entitled to habeas relief.

## III. CONCLUSION

For the foregoing reasons the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

**SO RECOMMENDED** on February 23, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE