IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FREDDIE TATE, #00483091,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:18-CV-145-L-BK** |
| | § | |
| **TEXAS BOARD OF PARDONS,** | § | |
| **AND PAROLES,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

The case was referred to United States Magistrate Judge Renée Harris Toliver, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 23, 2018, recommending that the court dismiss with prejudice this habeas action because Petitioner's claim that he was denied parole or mandatory supervision in violation of his due process rights does not raise a violation of a constitutionally protected liberty interest.

Petitioner filed objections to the Report, contending that the magistrate judge: (1) "incorrectly conclude[d] that Petitioner has no constitutionally protected interest"; (2) "misconstrue[d] Petitioner[']s claim based on Texas law/a life sentenced inmate is not eligible for release to mandatory supervision"; and (3) "erroneously [found] a lack of evidence, Art[.] § 42.12 15(c), the plain language of the state is ambiguous, or would leave to an absurd result." Obj. 2. Whether couched as a habeas claim based on the denial of parole or mandatory supervision, the court agrees with the magistrate judge that such claim does not raise a violation of a constitutionally protected interest as required by federal habeas relief. Petitioner's objections are, therefore, **overruled.**

After carefully reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **dismisses with prejudice** this habeas action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 31st day of May, 2018.

　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　United States District Judge